A. R. Archer, Jr., Monahans, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

**Earl Dean Davis GARRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46680.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of felony shoplifting; punishment was assessed by the court at four years.

The sufficiency of the evidence is challenged. We agree that the evidence is insufficient and accordingly reverse.

The record reflects that on November 7, 1970, one lady's blue suit and one man's gold sweater were stolen from the C. R. Anthony Company in Kermit. In December of 1970, four people were indicted for this offense, to-wit: appellant, Sue Brooks, Dorothy Beck, and Vivian Ferguson.

Gail Carley testified that on November 7, 1970, he was employed as the manager of the C. R. Anthony Company in Kermit; that he had the care, custody, and control

of the merchandise in the store at that time; that a lady's size 14 suit[1] and a man's gold sweater were taken from his store; that he did not know who had taken them; and that he found one of the store's empty boxes in the alley behind the store, which box he threw into a Dumpster. This same box was identified by Carley as State's Exhibit No. 1. Carley also stated that the Police Department of the City of Monahans called him on the afternoon of November 7, 1970; that he went over to the police station and identified the suit and sweater in question; that the police had three women in jail who were suspected of stealing the items from his store; that appellant was not one of these three women; and that he had never seen appellant before the trial in this case.

Tommy Joe Thompson, a police officer for the City of Monahans, testified that on November 7, 1970, he stopped a car in Monahans and arrested the three occupants. He stated that they told him their names were Dorothy Beck, Pamela Brown, and Virginia Ann Smith; that appellant was not one of the occupants in the vehicle; that he found a box[2] with some clothes in it in the car; and that he arrested appellant some seven months later, on June 20, 1971.

Sue Brooks testified that she was one of the occupants of the car that was stopped by Officer Thompson on the afternoon of November the 7th; that she pled guilty to stealing some clothes from the C. R. Anthony Company in Kermit on November the 7th; that she saw appellant standing on a corner in Kermit with a box in her hand[3] on November 7th; that appellant got into the car she was riding in; that after appellant had gotten into the car, they stopped at a store. She also testified that appellant went into a store in Monahans to pay on a layaway; that she didn't know whether appellant took the box she had in

her possession into the store; that she was arrested while appellant was in the store; that she didn't see appellant steal anything; and that she never saw what appellant had in the box.

Vivian Ferguson testified that she was one of the occupants of the car stopped in Monahans; that she pled guilty, along with Dorothy Beck, to the offense in question; and that appellant did not steal anything, to the best of her knowledge. She testified to substantially the same facts as Sue Brooks had previously testified to, except for the fact that it was appellant's box which was found in the car when they were stopped. However, she also stated she didn't know whether there was more than one box in the car.

Claudia Morrison, a salesclerk of the C. R. Anthony Store, testified that on November 7, 1970, she waited on appellant for 15 or 20 minutes when she came into the store to look at some clothes. She stated that appellant took a blue suit, identified as State's Exhibit Nos. 2–4, off the rack; that she took it into the dressing room; and that she didn't see her put it back on the rack. However, Mrs. Morrison also testified that she didn't see appellant take the suit out of the store, or even see appellant leave the store.

Vivian Ferguson was recalled to the stand to testify after Mrs. Morrison had testified. Ferguson stated that Mrs. Morrison had previously identified Dorothy Beck as the one that had tried on the suit.

After reviewing the record in its entirety, we conclude that the evidence is insufficient. The record reflects no testimony that appellant stole anything from the store in question or that she was found in possession of any stolen items.

The judgment is reversed and the cause remanded.

---

1. State's Exhibit Nos. 2–4.

2. This same box was also identified by Thompson as State's Exhibit No. 1.

3. Mrs. Brooks could not identify State's Exhibit No. 1 as the same box appellant had in her hand.